UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAMISHA STANTON, individually and on Behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>CASH ADVANCE CENTERS, INC., a Delaware Corporation,<br><br>        Defendant. | Case No.: 4:21-cv-00285-SRB |

### DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF MISSOURI, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Advance America, Cash Advance Centers of Missouri, Inc., improperly identified in the Complaint as Cash Advance Centers, Inc. ("Advance America"), by and through counsel, hereby responds to Plaintiff Kamisha Stanton's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

**Nature of the Action**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

**RESPONSE:** The allegations in Paragraph 1 express Plaintiff's opinion and a description of the allegations in the Complaint to which no response is required. To the extent a response is required, Advance America admits that Plaintiff has filed a Complaint alleging causes of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Otherwise, Advance America denies the remaining allegations in Paragraph 1.

2. Defendant is an issuer of payday loans, installment loans, and title loans.

**Response:** Advance America admits that it offers products that Paragraph 2 generally describes, but denies that Paragraph 2 fully describes its operating subsidiaries' business operations.

3. Defendant violates the TCPA by using prerecorded message calls to collect debts, even after having been informed by recipients of those calls that it has reached the wrong person and telephone number.

**RESPONSE:** Advance America denies the allegations in Paragraph 3.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of themself and members of the Class, and any other available legal or equitable remedies.

**RESPONSE:** The averments in Paragraph 4 do not allege facts to which a response is required. Rather, they express an intent by Plaintiff to seek injunctive relief, statutory damages, and "any other available legal or equitable remedies" on behalf of herself[1] and the putative Class, to which no response is required. To the extent a response is required, Advance America denies that Plaintiff may bring this case as a class action, denies that Plaintiff and the putative Class are entitled to injunctive relief, statutory damages, or any other relief or remedies, and denies the remaining allegations in Paragraph 4.

## Jurisdiction and Venue

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal statutes.

---

[1] Advance America interprets Plaintiff's reference to "themself" [sic] in Paragraph 4 and any similar reference to Plaintiff as "themselves" in the Complaint as referring to Plaintiff as Plaintiff is the only named plaintiff in this action.

**RESPONSE:** Advance America admits that jurisdiction is proper under 28 U.S.C. § 1331. Otherwise, Advance America denies the allegations in Paragraph 5 to the extent the allegations in Paragraph 5 reference "federal statutes" because Plaintiff has alleged only one federal statute, the TCPA, in this action.

6. Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Missouri and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Missouri.

**RESPONSE:** Advance America admits that venue is proper in the United States District Court for the Western District of Missouri. Otherwise, Advance America denies the remaining allegations in Paragraph 6, including but not limited to, Plaintiff's reference to "text messages" because Plaintiff does not allege in this action that she received any text message(s) from Advance America.

**Parties**

7. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Jackson County, Missouri.

3

**RESPONSE:** Advance America admits that Plaintiff is a natural person. Advance America is without sufficient information to admit or deny the remaining allegations in Paragraph 7.

8. Defendant is a Delaware corporation with its headquarters located at 135 N. Church St., Spartanburg, SC 29306. Defendant directs, markets, and provides business activities throughout the State of Missouri.

**RESPONSE:** Advance America admits that it is a Delaware corporation with its principal place of business located at 135 N. Church St., Spartanburg, SC 29306. Advance America otherwise denies the allegations in Paragraph 8 because they are vague and confusing.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**RESPONSE:** The averments in Paragraph 9 do not allege facts to which a response is required. To the extent a response is required, Advance America denies that it or any of the other individuals and/or entities listed in Paragraph 9 are liable in this action and denies the remaining allegations in Paragraph 9.

**Facts**

10. Beginning on or about December 2020, Defendant, or third parties direct[ed] by Defendant, placed numerous calls that utilized a prerecorded or artificial voice to Plaintiff's cellular telephone number ending in 2483 (the "2483 Number").

**RESPONSE:** Advance America admits that it placed calls to the 2483 Number utilizing a prerecorded or artificial voice. Otherwise, Advance America denies the remaining allegations in Paragraph 10.

11. All of the prerecorded messages similarly stated that Defendant was looking for "Sergio Rodriguez".

**RESPONSE:** Admitted.

12. Plaintiff is not "Sergio Rodriguez" and does not know anyone by that name.

**RESPONSE:** Advance America admits that Plaintiff is not "Sergio Rodriguez." Otherwise, Advance America is without sufficient information to admit or deny the remaining allegations in Paragraph 12.

13. Upon information and belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

**RESPONSE:** Admitted.

14. After the calls began, Plaintiff followed the message's prompts to remove the 2483 Number from further calls.

**RESPONSE:** Advance America denies the allegations in Paragraph 14.

15. Thus, Defendant knew that it was calling the wrong number because Plaintiff informed it directly using the method directed by Defendant.

**RESPONSE:** Advance America denies the allegations in Paragraph 15.

16. Despite knowing it was calling the wrong person, Defendant continued placing prerecorded calls to the 2483 Number even after Plaintiff's attempts to remove the 2483 Number.

**RESPONSE:** Advance America denies the allegations in Paragraph 16.

17. Plaintiff is not, nor was, Defendant's customer.

**RESPONSE:** Admitted.[2]

18. Plaintiff does not, nor did, have any business relationship with Defendant.

---

[2] Admitted as of the date of the calls alleged in the Complaint.

5

**RESPONSE:** The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Advance America admits the allegations in Paragraph 18.[3]

19. Plaintiff does not, nor did, have any account with Defendant.

**RESPONSE:** Admitted.[4]

20. Plaintiff does not owe any money to Defendant.

**RESPONSE:** Admitted.[5]

21. Plaintiff did not provide her cellular telephone number to Defendant.

**RESPONSE:** Advance America admits that Plaintiff did not provide it with the 2483 Number.[6]

22. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number using an artificial or prerecorded voice.

**RESPONSE:** The allegations in Paragraph 22 express legal conclusions to which no response is required. To the extent a response is required, Advance America admits the allegations in Paragraph 22.[7] Advance America placed calls to the 2483 Number with consent from the prior owner of that number and after the number had been apparently relinquished by its former owner (and a customer of Advance America) and reassigned to Plaintiff.

23. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party.

**RESPONSE:** Admitted.

---

[3] Admitted as of the date of the calls alleged in the Complaint.
[4] Admitted as of the date of the calls alleged in the Complaint.
[5] Admitted as of the date of the calls alleged in the Complaint.
[6] Admitted as of the date of the calls alleged in the Complaint.
[7] Admitted as of the date of the calls alleged in the Complaint.

6

24. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

**RESPONSE:** Admitted.

25. Rather, Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders and for the purpose of attempting to collect a debt.

**RESPONSE:** Admitted.

26. Plaintiff does not know the third party that Defendant attempted to reach by placing calls her cellular telephone number.

**RESPONSE:** Advance America is without sufficient information to admit or deny the allegations in Paragraph 26.

27. At the time Plaintiff received these calls Plaintiff was the subscriber and sole user of the 2483 Number.

**RESPONSE:** Advance America is without sufficient information to admit or deny the allegations in Paragraph 27.

28. Plaintiff received the subject calls within this District and, therefore, Defendants' violations of the TCPA occurred within this District.

**RESPONSE:** Advance America is without sufficient information to admit or deny the allegation in the first clause in Paragraph 28. Advance America denies the allegations in the second clause in Paragraph 28 and any remaining allegations in Paragraph 28.

29. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district.

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 29. To the extent a response is required, Advance America denies the allegations in Paragraph 29.

30. Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

**RESPONSE:** Advance America denies the allegations in Paragraph 30.

## Class Allegations

### Proposed Class

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

**RESPONSE:** The averments in Paragraph 31 do not allege facts to which a response is required. Rather, they express an intent by Plaintiff to prosecute this case on a class basis, to which no response is required. To the extent a response is required, Advance America denies that Plaintiff may bring this case as a class action and denies the remaining allegations in Paragraph 31.

32. Plaintiff brings this case on behalf of the classes defined as follows:

> All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a residential or cellular telephone service, by (3) using an artificial or prerecorded voice, (4) during the four years prior to the filing of this lawsuit through and including the date of class certification, (5) where the called party did not have an account or debt with and/or serviced by Defendant and/or after having notified Defendant that it was calling the wrong party.

8

**RESPONSE:** Advance America denies that the putative Class[8] defined in Paragraph 32 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies the remaining allegations in Paragraph 32.

33. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

**RESPONSE:** The averments in Paragraph 33 do not allege facts to which a response is required. To the extent a response is required, Advance America denies that Plaintiff may bring this case as a class action and denies the remaining allegations in Paragraph 33.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 34. Advance America denies that the putative Class satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies the remaining allegations in Paragraph 34.

**Numerosity**

35. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

---

[8] Advance America interprets Plaintiff's reference to "classes" in Paragraph 32 and throughout her Complaint as referring to the one putative Class defined in Paragraph 32 as Plaintiff does not allege other classes in this action.

9

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 35. Advance America denies that the putative Class satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies the remaining allegations in Paragraph 35.

36. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 36. Advance America denies that the putative Class satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies the remaining allegations in Paragraph 36.

**Common Questions of Law and Fact**

37. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

    b) Whether Defendant made non-emergency calls to wrong or reassigned telephone numbers;

    c) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

    d) Whether Defendant's conduct was knowing and willful;

    e) Whether Defendant is liable for damages, and the amount of such damages; and

10

Case 4:21-cv-00285-SRB   Document 14   Filed 08/11/21   Page 10 of 19

>    f) Whether Defendant should be enjoined from such conduct in the future.

**RESPONSE:** Advance America denies the allegations in Paragraph 37 and each of its subparts.

38. The common questions in this case are capable of having common answers.

**RESPONSE:** Advance America denies the allegations in Paragraph 38.

### Typicality

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**RESPONSE:** Advance America denies the allegations in Paragraph 39.

### Protecting the Interests of the Class Members

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**RESPONSE:** Advance America denies the allegations in Paragraph 40.

### Proceeding Via Class Action Is Superior and Advisable

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 41. To the extent a response is required, Advance America denies the allegations in Paragraph 41.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**RESPONSE:** Other than Plaintiff's speculation and conjecture, there is no basis for the allegations set forth in Paragraph 42. To the extent a response is required, Advance America denies the allegations in Paragraph 42.

## Count I
## Violations of the TCPA, 47 U.S.C. § 227(b)
## (On Behalf of Plaintiff and the TCPA Class)

43. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

**RESPONSE:** The allegation in Paragraph 43 is a statement to which no response is required. To the extent a response is required, Advance America incorporates its responses to all previous paragraphs as if set forth herein. To the extent a further response is required, Advance America denies the allegation in Paragraph 43.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ... using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(l)(A)(iii).

**RESPONSE:** The allegations in Paragraph 44 contain legal conclusions and a selective quotation from the TCPA to which no response is required. To the extent a response is required, Advance America denies the allegations in Paragraph 44. Advance America further denies the allegations in Paragraph 44 because the quotation is disjointed, vague, and confusing.

45. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party...." 47 U.S.C. § 227(b)(1)(B).

**RESPONSE:** The allegations in Paragraph 45 contain legal conclusions and a selective quotation from the TCPA to which no response is required. To the extent a response is required, Advance America denies the allegations in Paragraph 45.

46. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

**RESPONSE:** Advance America admits that it placed calls to Plaintiff's 3483 Number using an artificial or prerecorded voice. Otherwise, Advance America denies the remaining allegations in Paragraph 46.

47. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

**RESPONSE:** The allegations in Paragraph 47 express legal conclusions to which no response is required. To the extent a response is required, Advance America admits that it did not have prior express consent to call Plaintiff's 2483 Number. Otherwise, Advance America denies the remaining allegations in Paragraph 47.

48. Defendant was informed by Plaintiff and the Class members that it was contacting the wrong party, but Defendant nevertheless persisted in its calls.

**RESPONSE:** Advance America denies the allegations in Paragraph 48.

49. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

**RESPONSE:** Advance America denies the allegations in Paragraph 49.

50. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

**RESPONSE:** Advance America denies the allegations in Paragraph 50.

51. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**RESPONSE:** Advance America denies the allegations in Paragraph 51 and further denies Plaintiff's and the putative Class' entitlement to monetary, injunctive (or any other form of) relief.

52. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**RESPONSE:** Advance America denies the allegations in Paragraph 52 and further denies Plaintiff's and the putative Class' entitlement to statutory (or any other form of) damages.

### Prayer for Relief

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited prerecorded call activity, and to otherwise protect the interests of the Classes;

g) Such further and other relief as the Court deems necessary.

**RESPONSE:** Advance America denies that Plaintiff, individually and on behalf of the putative Class, is entitled to any of the relief she seeks in the "Wherefore" clause and each of its subparts.

# ADDITIONAL DEFENSES

Advance America asserts the following affirmative defenses and/or additional defenses, which apply to claims brought by Plaintiff individually and/or to claims brought on behalf of putative class members. Advance America reserves the right to amend this Answer and to add or assert additional defenses as it becomes aware of additional information or as additional defenses become available.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. The claims in the Complaint cannot be certified as a class action as they fail to meet the elements of Rule 23 of the Federal Rules of Civil Procedure. Further, a class may not be certified under Rule 23(b)(1) or (b)(2) when money damages are sought, as they are here.

3. Plaintiff and the putative class members have not suffered any cognizable injury, and lack standing on that basis to prosecute the claims alleged in the Complaint. Plaintiff also lacks standing to seek injunctive relief individually or on behalf of a putative class. Upon information and belief, Plaintiff also lacks standing for purposes of class certification to assert the claims alleged herein.

4. Advance America has no liability for the acts or omissions of other entities included in the allegations in the Complaint but not named as defendants in this action.

5. If the Court finds that Advance America violated the TCPA in any way (which Advance America denies), any such violation was not willful or knowing. Accordingly, Plaintiff's claim for additional/treble damages should be denied.

6. Upon information and belief, the claims of Plaintiff and/or members of the putative class are barred in whole or in part by the doctrines of waiver, estoppel, release, laches, unclean hands, and ratification and/or other equitable limitations.

16

Case 4:21-cv-00285-SRB   Document 14   Filed 08/11/21   Page 16 of 19

7. The damages sought represent an excessive ratio between penalties and compensation for actual harm because the alleged damages bear no relation to any actual monetary or tangible damages suffered by Plaintiff and/or the members of the putative class. The statutory damages scheme set forth in the TCPA, when pursued as a class action, fails to account for the degree of reprehensibility of the defendant's conduct, promotes an unconstitutionally excessive penalty, disregards considerations of causation and fault, violates substantive and procedural due process, and is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

8. By conduct, representations, and omissions, Plaintiff and the putative class have waived, relinquished, and/or abandoned any claim for relief against Advance America respecting the matters that are the subject of the Complaint.

9. By conduct, representations, and omissions, upon which Advance America relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against Advance America.

10. Plaintiff's claims are barred by the doctrine of good faith.

11. Plaintiff's claims are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

12. Advance America currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

**PRAYER FOR RELIEF**

Wherefore, Advance America prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That judgment be entered in favor of Advance America;

3. For attorneys' fees or costs of suit incurred herein;

4. That the Complaint be dismissed with prejudice; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 11, 2021

Respectfully submitted,

**STINSON LLP**

By: */s/ Michelle A. Fox*
Michelle A. Fox (MO #41735)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: 816-842-8600
Fax: 816-691-3495
Email:  michelle.fox@stinson.com

John R. Munich (MO #29799)
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO  63105
Telephone: 314-863-0800
Fax:  314-863-9388
john.munich@stinson.com


**EVERSHEDS SUTHERLAND US LLP**

Lewis S. Wiener (*pro hac pending*)
700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

**Attorneys for Defendant Advance America, Cash Advance Centers of Missouri, Inc.**

**CERTIFICATE OF SERVICE**

On August 11, 2021, I filed the foregoing DEFENDANT ADVANCE AMERICA, CASH ADVANCE CENTERS OF MISSOURI, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and counsel of record.

By: */s/ Michelle A. Fox*
Michelle A. Fox (MO #41735)