IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAMISHA STANTON, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CASH ADVANCE CENTERS, INC., )<br>)<br>Defendant. ) | Case No. 21-CV-00285-SRB |

## ORDER

Before the Court is Defendant Cash Advance Centers, Inc.'s ("Defendant") Motion to Dismiss or Stay Litigation and Compel Arbitration or, in the Alternative, to Dismiss the Class Action Claims. (Doc. #35.) For the reasons stated below, the motion is DENIED.

### I. BACKGROUND

According to Plaintiff Kamisha Stanton's ("Plaintiff") Complaint, beginning on or around December 2020, Defendant, or third parties directed by Defendant, placed numerous calls to Plaintiff's cellphone using a prerecorded or artificial voice. The messages stated that Defendant was looking for "Sergio Rodriguez," who Plaintiff does not know. Plaintiff contacted Defendant to remove her cellphone number from further calls, but Defendant continued to call Plaintiff. Plaintiff alleges, in part, that Plaintiff never had a business relationship with or owed money to Defendant, never provided her cellphone number to Defendant, and never gave Defendant prior express consent to place calls to her cellphone using an artificial or prerecorded voice.

Plaintiff initiated this lawsuit which alleges Defendant's actions violated the Telephone and Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and asserts a claim on behalf of

Plaintiff and a nationwide class. Defendant filed its Answer to Plaintiff's Complaint and admitted, in part, that Plaintiff never had a business relationship with Defendant or gave consent to Defendant to place calls to her cellphone.

Defendant filed the instant motion to dismiss or stay and compel arbitration, or, in the alternative, dismiss Plaintiff's class action allegations. On December 31, 2021, Defendant discovered that Plaintiff's legal name was Kamisha Gatlin prior to her marriage in 2016. Defendant then reexamined its business records and discovered that Plaintiff, between 2010 through 2011, entered into three Customer Agreements as Kamisha Gatlin with Advance America, Cash Advance of Centers of Missouri, Inc. ("Cash Advance Missouri").[1] Defendant contends that these Customer Agreements contain valid arbitration agreements which cover the scope of this litigation.

The Customer Agreements, attached as exhibits to Defendant's motion, include identical provisions which state, in part:

> If you have any dispute with us or if we have any dispute with you, then both you and we must seek resolution of the dispute in either small claims court or in arbitration. If your dispute cannot be filed in small claims court for any reason, then you must seek resolution of your dispute in arbitration. Regardless of the forum, you may not pursue the resolution of any dispute in a representative private attorney general, or class action, and you may not be a named or unnamed class member in any such action.

(Doc. #41-1, p. 7)[2] (the "Arbitration Provisions"). The Customer Agreements also include identical provisions which state, "Ways to Contact You. We may contact you about our services

---

[1] Defendant does not have a signed copy of the Customer Agreements because it "is the business practice of Advance America, Cash Advance Centers of Missouri, Inc., to destroy physical records, including signed Customer Agreement forms, two (2) years after a loan is closed." (Doc. #41-1, p. 3.) Plaintiff states that "Plaintiff has no recollection of entering into the agreements attached to the Motion, but whether Plaintiff did or did not enter the agreements makes no difference[.]" (Doc. #42, p. 6.) For the purposes of resolving the instant motion, the Court assumes Plaintiff entered the Customer Agreements.

[2] All page numbers refer to pagination automatically generated by CM/ECF.

as well as your loan by any of the following means: text messaging, email, and calls to your home, work, or cell phones." (Doc. #41-1, p. 6) (the "Contact Provisions").

Based on the above facts, Defendant moves the Court to compel arbitration or, alternatively, dismiss Plaintiff's class action allegations. Plaintiff opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Section 2 of the Federal Arbitration Act ("FAA") "provides that '[a] written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) (quoting 9 U.S.C. § 2). "The Supreme Court has stated repeatedly that this provision establishes a 'liberal federal policy favoring arbitration agreements.'" *Id.* (quoting *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012)). Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3). "Under § 4, a party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Id.* (quoting 9 U.S.C. § 4). "The FAA establishes that as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001) (internal citations and quotation marks omitted).

3

"When presented with a motion to compel arbitration, we ask only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *McFadden v. Van Chevrolet-Cadillac, LLC*, No. 18-00395-CV-W-BP, 2018 WL 3715756, at *1 (W.D. Mo. Aug. 3, 2018) (internal citation omitted). As a federal district court sitting in Missouri, this Court must analyze an arbitration agreement based on Missouri state-law principles.[3] *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016). "The elements required to form a valid contract in Missouri are offer, acceptance, and bargained for consideration." *Baier v. Darden Restaurants*, 420 S.W.3d 733, 737 (Mo. App. W.D. 2014) (internal citation and quotation marks omitted). "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Jackson v. Higher Educ. Loan Auth. of Missouri*, 497 S.W.3d 283, 287 (Mo. App. E.D. 2016) (citing *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 683 (Mo. App. E.D. 2015)).

## III. DISCUSSION

### A. Compel Arbitration

Defendant contends that "[a]ny issues regarding Plaintiff's consent to receive calls to her cell phone from Defendant necessarily implicate the Customer Agreements, and therefore must be resolved in arbitration or small claims court." (Doc. #41, p. 8.) Plaintiff argues that "Plaintiff's TCPA claim encompasses conduct by Defendant that involves an entirely separate violation of federal law that has nothing to do with the agreements Defendant has submitted in support of its Motion." (Doc. #42, p. 13.) The Court agrees with Plaintiff and finds Plaintiff's TCPA claim does not fall within the scope of the Arbitration Provisions.

---

[3] The Court finds, and the parties do not argue otherwise, that Missouri contract law applies.

4

"Generally, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Lyster*, 239 F.3d at 945 (internal citations and quotation marks omitted). While the FAA favors resolution of disputes by enforcement of arbitration agreements, that policy alone is not enough "to extend an arbitration agreement beyond its intended scope." *Tucker v. Vincent*, 471 S.W.3d 787, 794 (Mo. App. E.D. 2015) (internal citation and quotation marks omitted). "In construing arbitration clauses, courts have categorized such clauses as 'broad' or 'narrow.'" *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc. 2008). Under Missouri law, "[a] broad arbitration provision covers all disputes arising out of a contract to arbitrate; a narrow provision limits arbitration to specific types of disputes." *Id.* The party resisting arbitration "bears the burden of proving that the claims" fall outside the scope of the arbitration agreement. *Owner-Operator Indep. Drivers Ass'n., Inc. v. United Van Lines, LLC*, No. 4:06CV219JCH, 2006 WL 5003366, at *2 (E.D. Mo. Nov. 15, 2006) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 532 U.S. 79, 91 (2000)).

The Arbitration Provisions are broad and encompass "any dispute" between the parties to the Customer Agreement. (Doc. #41-1, p. 7.) The Court must still determine whether the scope of the Arbitration Provisions cover this litigation. While broad arbitration provisions are construed liberally, the dispute must still "touch matters covered by the arbitration provision." *PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 837 (8th Cir. 2010) (internal citations and quotation marks omitted). "Broadly worded arbitration clauses such as the ones at issue here are generally construed to cover . . . suits arising from the same set of operative facts covered by a contract between the parties to the agreement." *CD Partners, LLC v. Grizzle*, 424

5

F.3d 795, 800-01 (8th Cir. 2005) (holding an arbitration agreement covered the plaintiff lawsuit because the claims "had their genesis in, arose out of, and related to" the operation of the underlying contracts).

The Court finds Plaintiff's TCPA claim against Defendant does not touch matters covered by the Arbitration Provisions. The Customer Agreements establish short-term loan agreements between Plaintiff and Cash Advance Missouri which were entered into in either 2010 or 2011. Defendant admits that Plaintiff satisfied two of the loans and the third loan was sold to a third-party debt buyer in early 2011. (Doc. #41-1, p. 3.) Beginning in December 2020, nearly a decade after Plaintiff's loans were satisfied or sold, Defendant called Plaintiff to contact an individual, Sergio Rodriguez. Plaintiff does not know Sergio Rodriguez, and Defendant was attempting to collect a debt owed by that individual. Defendant admits in its Answer that it called Plaintiff's number believing that the number was owned by Sergio Rodriquez. Based on Defendant's own admissions, the calls which underlie this lawsuit were never intended to reach Plaintiff specifically, let alone to contact Plaintiff about the loans or services Defendant provided to Plaintiff. Unlike the claims in *CD Partners*, which arose out of the operation of the underlying contract containing the arbitration clause, all facts which give rise to this lawsuit arose independent of the operation of the Customer Agreements.

The Court finds that the Arbitration Provisions are not susceptible of an interpretation that covers this lawsuit. Defendant's motion to compel arbitration is denied.

**B. Class Action Allegations**

Defendant requests, in the alternative, that Plaintiff's class action claims be dismissed. The Arbitration Provisions preclude Plaintiff from pursing a dispute on a class-wide basis. The Court finds that as a prerequisite for the class action waiver to apply, Plaintiff's claim must be

6

covered by the Arbitration Provisions.  For the same reasons the Court finds this lawsuit is not covered by the Arbitration Provisions, Defendant's request to dismiss the class action claims is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss or Stay Litigation and Compel Arbitration or, in the Alternative, to Dismiss the Class Action Claims (Doc. #35) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATED: February 23, 2022