# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1466
_____

Kamisha Stanton, individually and on behalf of all others similarly situated,

*Plaintiff - Appellee*,

v.

Cash Advance Centers, Inc., a Delaware corporation,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 15, 2022
Filed: February 7, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

    Kamisha Stanton brought a putative class action against Cash Advance Centers, Inc., alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Counsel purporting to represent Cash Advance Centers, Inc., moved to compel arbitration based on arbitration provisions contained in loan agreements between Stanton and non-party Advance America, Cash Advance Centers of Missouri, Inc. The district court denied the motion to compel. Counsel also moved

to substitute Advance America, Cash Advance Centers of Missouri, Inc., for Cash Advance Centers, Inc., as the party defendant, but the district court denied that motion as well.

A notice of appeal was docketed to appeal the district court's order denying the motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A)-(B). The notice of appeal purportedly was filed by "attorneys for defendant Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of Missouri, Inc." At oral argument, however, counsel for appellant clarified that she represents only non-party Advance America, Cash Advance Centers of Missouri, Inc., and does not represent the party defendant Cash Advance Centers, Inc.

Given this unusual procedural posture, we must consider whether the court has jurisdiction over the appeal. Only parties to a lawsuit may appeal an adverse judgment. *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The federal rules of procedure reflect this principle by requiring that the notice of appeal specify the *party* or *parties* appealing by naming each one in the caption or body of the notice. Fed. R. App. P. 3(c)(1). Compliance with Rule 3(c) "is a jurisdictional prerequisite." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315-18 (1988); *Newcomb v. Wyndham Vacation Ownership, Inc.*, 999 F.3d 1134, 1137 (8th Cir. 2021).

Because Advance America, Cash Advance Centers of Missouri, Inc., is not a party to the lawsuit, its notice of appeal is insufficient to confer jurisdiction on this court. We have recognized limited exceptions to the rule that only parties to a lawsuit may appeal, but none of the recognized exceptions is applicable here. *See Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 919 (8th Cir. 1998) (allowing appeal by a non-party subject to a civil contempt order); *Curtis v. City of Des Moines*, 995 F.2d 125, 128 (8th Cir. 1993) (allowing appeal by non-parties who were "privy to the record" where district court heard arguments by non-parties and included non-parties in the style of the final order denying their claims); *Thompson v. Freeman*,

-2-

Case 4:21-cv-00285-SRB   Document 64-1   Filed 02/07/23   Page 2 of 3
Appellate Case: 22-1466   Page: 2   Date Filed: 02/07/2023 Entry ID: 5242978

648 F.2d 1144, 1147 n.5 (8th Cir. 1981) (allowing appeal by a non-party of an injunction that purports to bind it). In this case, the motion to compel arbitration was purportedly filed only by Cash Advance Centers, Inc. The non-party Advance America, Cash Advance Centers of Missouri, Inc., made no appearance in connection with the motion, and the court's order addressed only a motion advanced by the party defendant.

The notice of appeal also names Cash Advance Centers, Inc., the party defendant, as an appellant. But while attorneys purporting to represent Cash Advance Centers, Inc., filed a notice of appeal, counsel acknowledged at oral argument that she represented only non-party Advance America, Cash Advance Centers of Missouri, Inc., and not Cash Advance Centers, Inc. The answer to Stanton's complaint similarly lists the attorneys who filed the notice of appeal as counsel for non-party Advance America, Cash Advance Centers of Missouri, Inc. The answer asserts that Cash Advance Centers, Inc., was "improperly identified" in the complaint. The appellant's briefs contain similar language.

No person has the right to appear as an entity's attorney without the entity's authority. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319-20 (1927); *Indus. Indem. Co. v. Harms*, 28 F.3d. 761, 762 (8th Cir. 1994). An appeal taken by someone unauthorized to do so should be dismissed. *See J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020); *United States v. El-Mezain*, 664 F.3d 467, 577-78 (5th Cir. 2011); *Dep't of Water & Power v. Anderson*, 95 F.2d 577, 580 (9th Cir. 1938). Because the attorneys who filed the notice of appeal on behalf of Cash Advance Centers, Inc., concededly did not represent that party, the notice of appeal was unauthorized and invalid. *El-Mezain*, 664 F.3d at 578.

For these reasons, the appeal is dismissed for lack of jurisdiction. Stanton's motion to strike is denied as moot.

_____

-3-

Case 4:21-cv-00285-SRB   Document 64-1   Filed 02/07/23   Page 3 of 3
Appellate Case: 22-1466     Page: 3     Date Filed: 02/07/2023 Entry ID: 5242978